IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA,**

v.

**NIKKO KROHN,**

      **Defendant.**

3:18-CR-00391
(JUDGE MARIANI)

FILED
SCRANTON
JAN 05 2024
PER _____
DEPUTY CLERK

## MEMORANDUM OPINION

### I. INTRODUCTION

On September 3, 2020, Defendant Nikko Krohn pleaded guilty, pursuant to a signed written plea agreement, to aiding and abetting in an assault resulting in serious bodily injury (*see* Docs. 1, 58, 63). On January 20, 2021, Defendant Krohn was sentenced to a term of incarceration of 100 months. (Doc. 79). Defendant did not file a direct appeal to the Third Circuit Court of Appeals.

Presently before the Court is Krohn's *pro se* Motion entitled "§ 2255 Appeal" (Doc. 89) which the Court has deemed to be a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (*see* Doc. 90). Defendant filed a Notice of Election on December 22, 2023, electing to have the Court rule on his petition as filed. (Doc. 91). For the reasons stated herein, the Court will deny Defendant's Motion.[1]

---

[1] Upon review of the proceedings in this action and Defendant's present § 2255 motion, it is apparent that Defendant is not entitled to relief. As a result, this Court has not ordered the Government to file an answer, motion, or other response to Defendant's motion. (*See* R. GOVERNING § 2255 CASES R. 4(b) ("The judge who receives the [§ 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to

## II. STANDARD OF REVIEW

### *a. 28 U.S.C. § 2255*

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A federal prisoner may also file a § 2255 motion within one year from "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. 2255(f)(3). A § 2255 motion may attack a federal prisoner's sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b); *see also*, 28 U.S.C. § 2255(a).

Section 2255 does not, however, afford a remedy for all errors that may have been made at trial or sentencing. *United States v. Essing*, 10 F.3d 968, 977 n.25 (3d Cir. 1993). Rather, § 2255 permits relief for an error of law or fact constituting a "fundamental defect which inherently results in complete miscarriage of justice." *United States v. Eakman*, 378

---

relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.")).

2

F.3d 294, 298 (3d Cir. 2004) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Relief is available under § 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962). If the court determines that the petitioner is entitled to relief under § 2255, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *See* 28 U.S.C. § 2255(b).

Section 2255 also directs that, in some instances, the court "shall" hold an evidentiary hearing.

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). In *United States v. Booth*, 432 F.3d 542 (3d Cir. 2005), the Court of Appeals for the Third Circuit explained the court's discretion in these matters:

> Although a district court has discretion whether to order a hearing when a defendant brings a motion to vacate sentence pursuant to 28 U.S.C. § 2255, our caselaw has imposed limitations on the exercise of that discretion. In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989). *See also* R. Governing § 2255 Cases R. 4(b). The District court is required to hold an evidentiary hearing "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Id.* We have characterized this standard as creating a "reasonably low

3

threshold for habeas petitioners to meet." *McCoy,* 410 F.3d at 134 (quoting *Phillips v. Woodford,* 267 F.3d 966, 973 (9th Cir. 2001)). Thus, the district court abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief. *Id.* at 131, 134 ("If [the] petition allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court [is] obligated to follow the statutory mandate to hold an evidentiary hearing.").

432 F.3d at 545-546. Generally, the petitioner bears the burden of proof in § 2255 proceedings. See *United States v. Hollis,* 569 F.2d 199, 205 (3d Cir. 1977).

### b. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are properly raised on collateral review rather than on direct appeal. *Massaro v. United States,* 538 U.S. 500, 504 (2003). To succeed on an ineffective assistance of counsel claim, a petitioner must satisfy the two-part test set out in *Strickland v. Washington,* 466 U.S. 668, 687 (1984). A petitioner must demonstrate "(1) that counsel's performance was deficient, that is, it fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced his client." *Albrecht v. Horn,* 485 F.3d 103, 127 (3d Cir. 2007) (*citing Strickland,* 466 U.S. at 689-692). The petitioner bears the burden of establishing that counsel's performance prejudiced the defense. *Marshall v. Hendricks,* 307 F.3d 36, 89 (3d Cir. 2002).

## III. ANALYSIS

Defendant Krohn's Motion argues that his counsel, Gino Bartolai, was ineffective for a number of reasons, including for not objecting to certain portions of the Presentence Report ("PSR") which resulted in Defendant having a total offense level of 24 instead of "21 or 22", for not explaining that he may lose points for acceptance of responsibility, and for not arguing that there was a disparity of sentencing between Defendant Krohn and Jory Rhodes who was charged in a separate indictment with assault resulting in serious bodily injury for the same incident and who received a lesser sentence. Defendant further argues that he "did not commit another crime after pleading guilty on 9-3-20" but instead was "charged for past actions after 9-3-20 that was of no fault of Mr. Krohn" and that, in light of the case of "United States v. Hunter Biden", "[b]ecause if the original plea deal was indeed broken by Mr. Krohn as [the Assistant U.S. Attorney] claims then a new deal should have been given for both parties to agree" upon and "a new plea deal should have been drafted" because Defendant "pled guilty to 87-96 months not 100-125". (Doc. 89) (underline in original).[2]

Defendant Krohn's Motion must be denied because it is time-barred. Section 2255 provides in relevant part:

---

[2] By way of clarification, the PSR calculated a Total Offense Level of 24 and Criminal History of VI for Krohn. (See Doc. 72, ¶¶ 24, 37). Defendant's habeas motion principally relates to the fact that he did not receive an adjustment of 2 or 3 points for acceptance of responsibility (id. at ¶ 23) because, as set forth in the PSR, although "defendant readily admit[ed] guilt. . . Krohn's numerous misconducts and new criminal charges resulting in convictions appear inconsistent with acceptance of responsibility" (id. at ¶ 13).

5

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Defendant Krohn was sentenced on January 20, 2021, and judgment was entered that same day (*see* Doc. 79). The time to file a direct appeal to the Third Circuit Court of Appeals expired 14 days thereafter. *See* Fed. R. App. P. 4(b)(1) (a criminal defendant's notice of appeal must be filed within 14 days after the entry of the judgment being appealed). Thus, because no notice of appeal was filed, Krohn's judgment became final on February 3, 2021. However, Defendant did not file the instant habeas petition until December 6, 2023 – almost three years after the conviction became final (*see* Doc. 89).

Krohn does not argue, nor is there any basis to do so, that he is timely because he was previously prevented from making a § 2255 motion by governmental action in violation of the Constitution or laws of the United States or due to the recent discovery of facts supporting his claim through the exercise of due diligence, as required by § 2255(f)(2) or (4). Liberally construing Krohn's motion, he appears to argue that the events in 2023 in "United States v. Hunter Biden" constitute new law which entitles him to relief pursuant to §

6

2255(f)(3). This argument is entirely without merit. Assuming any similarity between the legal issues applicable to *United States v. Biden* and the present action, which this Court does not agree exists, the factual and legal procedure of the *Biden* action now relied upon by Krohn do not aid him in any attempt to assert a timely § 2255 motion. The *Biden* criminal action remains pending in the District Court of Delaware. There has been no final judgment rendered in that action by the District Court and the District Court Judge's actions and decisions in that case have not been subject to review by any appellate court. Significantly, it is undeniable that any decision rendered by the District Court in *United States v. Biden* does not constitute a right that has been newly recognized by the Supreme Court, as required by § 2255(f)(3).

For the reasons set forth herein, Defendant's § 2255 is barred by the applicable statute of limitations and must be denied.

## IV. EVIDENTIARY HEARING

Section 2255(b) advises that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The decision to hold a hearing is wholly within the discretion of the district court." *Eckenberger v. United States*, 2022 WL 609208, at *5 (M.D.Pa. 2022) (citing *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)). In this case, no evidentiary

hearing is necessary because "the motion and files and records of this case show conclusively that the movant is not entitled to relief." *Id.* (internal quotations and citations omitted).

## V. CERTIFICATE OF APPEALABILITY

"A § 2255 petitioner can appeal the denial of his claims only if he obtains a certificate of appealability ['COA']." *United States v. Bristol*, 2022 WL 2068048, at *8 (E.D.Pa. 2022) (citing 28 U.S.C. § 2253(c)(1)). The petitioner must make a "substantial showing of the denial of a constitutional right" for the district court to issue a COA, which requires a showing that "reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, a COA is not warranted because the Court finds that reasonable jurists would not find this Court's the resolution of Krohn's constitutional claims debatable or wrong.

## VI. CONCLUSION

For the aforementioned reasons, the Court will deny Krohn's *pro se* Motion entitled "§ 2255 Appeal" (Doc. 89) which the Court has deemed to be a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. A separate Order will follow.

_____
Robert D. Mariani
United States District Judge

8